UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHRISTOPHER SHIPP,

      Petitioner,

v.                                                    Case No.  5:16cv314-WTH-CJK

N.C. ENGLISH,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is Christopher Shipp's petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1).  The government responded in opposition to the petition (doc. 17), and petitioner replied (doc. 20).  The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C § 636 and N.D. Fla. Loc. R. 72.2(B).  After reviewing the parties' submissions, the undersigned concludes that petitioner is not entitled to relief and that the petition should be denied.

## FACT BACKGROUND AND PROCEDURAL HISTORY[1]

Shipp initiated this habeas case on November 10, 2016.  (Doc. 1).  At that time, Shipp was confined at the Federal Correctional Institution in Marianna, Florida, serving a 140-month term of imprisonment imposed by the United States District Court for the Northern District of Alabama on November 15, 2007, in *United States v. Christopher David Shipp*, Case No. 5:07cr204-VEH.  (Doc. 1, p. 2; Doc. 17, Jennings Decl. ¶¶ 6, 8 and Attach. 3, 5; Doc. 22, PSR ¶¶ 1-4).  Shipp claims he is entitled to 164 days of prior custody credit against his federal sentence for the period June 5, 2007, through November 15, 2007.  (Doc. 1, pp. 3-5).  Shipp was released from incarceration on January 3, 2018,[2] and is now serving a 120-month term of supervised release.  (Doc. 17, Jennings Decl., Attach. 5 (judgment)).[3]

Although Shipp has a lengthy criminal history, this report will recite only those facts relevant to his sentence credit claim.  On February 17, 2006, a State of

---

[1] The relevant facts are drawn from the petition (doc. 1), the attachments to respondent's response (doc. 17), petitioner's reply (doc. 20), and petitioner's Presentence Investigation Report (PSR) from Northern District of Alabama Case No. 5:07cr00204-VEH-HGD (doc. 22).

[2] *See* Doc. 17, Jennings Decl., Attach. 1; *see also* https://www.bop.gov/inmateloc/.

[3] Because Shipp is serving his term of supervised release, his release from incarceration prior to a ruling on his habeas petition does not moot the petition.  *See Dawson v. Scott*, 50 F.3d 885, 886 n.2 (11th Cir. 1995) (concluding that appeal involving claim to sentence credit under 18 U.S.C. § 3585(b) was not mooted by petitioner's completion of his incarceration term; petitioner was serving his term of supervised release, and "success for [the petitioner] could alter the supervised release portion of his sentence") (*citing Jago v. Van Curen*, 454 U.S. 14, 21 n.3 (1981); *United States v. Eske*, 925 F.2d 205, 206 n.2 (7th Cir. 1991)).

Alabama search warrant was executed at Shipp's residence for evidence of forgery in the form of counterfeit driver's licenses.  (Doc. 17, Jennings Decl. ¶ 5 and Doc. 22, PSR ¶¶ 5, 31).  The affidavit in support of the search warrant alleged that evidence of the forgery could be found on Shipp's computer and elsewhere.  (*Id*.).  When counterfeit driver's licenses were found at Shipp's residence, his computer was seized and he was arrested for forgery.  (*Id*.).  Shipp was charged with second degree forgery in Alabama state court – Madison County Circuit Court Case No. CC06-3028.  (*Id*.).

On February 22, 2006, while searching Shipp's computer for evidence of forgery, law enforcement found child pornography.  (Doc. 17, Jennings Decl. ¶ 5 and Doc. 22, PSR ¶¶ 6, 31).  A federal search warrant was obtained for Shipp's computer based on allegations that child pornography could be found on it.  (*Id*.).

On June 25, 2006, Shipp was arrested on a charge of third degree burglary in Madison County, Alabama Circuit Court Case No. CC06-5980.  (Doc. 17, Jennings Decl. ¶ 5 and Doc. 22, PSR ¶ 33).  On January 8, 2007, Shipp pled guilty to the charges in Alabama state court Case Nos. CC06-3028 and CC06-5980, and he was sentenced in each case to 15 years custody split, to serve the amount of time already served (6 months and 25 days) with the remainder suspended, and 5 years on probation. (Doc. 17, Jennings Decl. ¶ 5 and Attach. 6; Doc. 22, PSR ¶¶ 31, 33).  The

sentences were ordered to run consecutive to each other.  (*Id*.).  Shipp was released from the Madison County Jail that day.  (*Id*.).  On April 30, 2007, a probation violation warrant issued in Madison County Case No. CC06-5980.  (Doc. 17, Jennings Decl. ¶ 5 and Doc. 22, PSR ¶ 33).  The warrant was served on May 15, 2007.  (*Id*.).  Shipp was confined at the Madison County Jail at that time.  (Doc. 17, Jennings Decl., Attach. 6).  A hearing was set for October 2, 2007.  (*Id*.).  On May 16, 2007, a probation revocation petition was filed in Madison County Case No. CC06-3028.  (Doc. 17, Jennings Decl. ¶ 5 and Doc. 22, PSR ¶ 31).  A hearing was set for October 15, 2007.  (*Id*.).

On June 1, 2007, a federal grand jury indicted Shipp for his present crimes in Northern District of Alabama Case No. 5:07cr204-VEH.  (Doc. 17, Jennings Decl. ¶ 6 and Attach. 3; Doc. 22, ¶¶ 1-4).  Count one alleged that on February 17, 2006, Shipp possessed images of child pornography.  (*Id*.).  Count two alleged that from September 23, 2002, continuing until February 17, 2006, Shipp received material that contained images of child pornography.  (*Id*.).  Count three was a forfeiture charge for any property used or intended to be used in the commission of the crimes charged in counts one and two.  (*Id*.).

On June 5, 2007, while Shipp was still in Alabama state custody, the Northern District of Alabama borrowed him on a Writ of Habeas Corpus Ad Prosequendum

to answer the pending federal charges. (Doc. 17, Jennings Decl. ¶ 7 and Attach. 4). Shipp pled guilty to the federal charges on August 2, 2007. (Doc. 17, Jennings Decl. ¶ 8 and Attach. 5). On November 15, 2007, Shipp was sentenced to a total term of 140 months in prison followed by 120 months on supervised release. (*Id*.). There was no mention at that time whether the federal sentence was to run concurrently or consecutively with any state sentences. (Doc. 17, Jennings Decl., Attach. 7). On November 26, 2007, Shipp was returned to the Madison County Jail in Alabama in satisfaction of the federal writ. (Doc. 17, Jennings Decl. ¶ 9 and Attach. 4). Shipp remained in state custody on the probation violation charges.

On December 20, 2007, Shipp's probation in Madison County Case Nos. CC06-3028 and CC06-5980 was revoked, and he was sentenced to 15 years in prison in each case with credit for all time served, to run concurrently with each other and with the federal sentence imposed in Northern District of Alabama Case No. 5:07cr204-VEH. (Doc. 17, Jennings Decl. ¶ 10 and Attach. 6). The parties do not dispute that Shipp was given credit on his state sentences from January 8, 2007, through December 20, 2007. (Doc. 17, Jennings. Decl. ¶ 10; Doc. 1, p. 4).

Shipp was paroled from his state sentences on September 26, 2011, and taken into federal custody to serve his federal sentence. (Doc. 17, Jennings Decl. ¶ 9 and

Attachs. 4, 6). Shipp states that his state parole term expired on March 12, 2012. (Doc. 20, p. 1 and Attach.).

On February 19, 2016, the Northern District of Alabama ordered that Shipp's federal sentence in Case No. 5:07cr204-VEH run concurrently with his Alabama state sentences. Accordingly, the Bureau of Prisons (BOP) updated Shipp's federal sentence computation to commence on the date it was imposed, November 15, 2007, to effectuate concurrent service of the state and federal sentences. (Doc. 17, Jennings Decl. ¶ 11 and Attachs. 1, 7, 8). Prior custody credits were applied to Shipp's federal sentence pursuant to 18 U.S.C. § 3585(b) for nine days: April 22, 2006; June 19, 2006 - June 20, 2006; and February 25, 2007 - March 2, 2007. (Doc. 17, Jennings Decl. ¶ 11 and Attach. 1). Shipp's sentence computation was also reviewed for any possible credit under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), but Shipp was found ineligible for any additional credits. (Doc. 17, Jennings Decl. ¶ 11 and Attach. 8). Shipp was released from federal prison on January 3, 2018, and is now serving his term of supervised release.

In this habeas action, Shipp challenges the BOP's calculation of his federal sentence, arguing that he is entitled to 164 days of prior custody credit for time spent

in state custody from June 5, 2007 - November 15, 2007.  (Doc. 1, pp. 3-5).  Shipp explains:

> During this time, I was awaiting federal court and my state court dates were cntd.  Primary custody remained with the state while on writ and I did not receive credit to my federal sentence because, at the time, the terms were not yet ordered to run concurrent.  I contend that I should receive credit for this time as Willis/Kayfez credits and that it is BOP policy to award pre-sentence jail credit already credited to a CC state sentence when credit will be of no benefit on state sentence.  The state sentence had already expired when the federal sentence was ordered to run concurrent nunc pro tunc.  To credit this time to the state sentence that has already expired will be of no benefit.

(Doc. 1, pp. 3-4).  Shipp concedes that he received credit on his state sentences for the dates in question.  (*Id.*).  He nevertheless argues that the Fifth Circuit's decision in *Willis, supra*, and the Seventh Circuit's decision in *Kayfez, supra*, entitle him to credit on his federal sentence as well.

## DISCUSSION

After a federal court pronounces a sentence, the Attorney General, through the BOP, has the authority to compute and administer the defendant's sentence.  18 U.S.C. § 3621(a).  The federal statute governing the calculation of a term of imprisonment provides:

> (b) Credit for Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).  BOP Program Statement 5880.28 states in pertinent part:

Prior Custody Credit will be given for time spent in official detention as the result of any federal, state or foreign arrest which is not related to, yet occurred on or after the date of commission of the federal offense for which the SRA sentence was imposed; *provided it has not been credited to another sentence*.

*Id*. (emphasis added).

*Willis* was decided in 1971 and predates the enactment of 18 U.S.C. § 3585, the statute that currently controls the calculation of federal sentences.  The plain language of § 3585(b) acts to preclude the double credit Shipp seeks.  The Eleventh Circuit has noted:

[*Willis*] interpreted a statute that allowed federal defendants to receive credit toward a federal sentence regardless of whether it had been credited toward another sentence.  *Id*. at 925.  The statute that *Willis* applied, 18 U.S.C. § 3568, was amended in 1987, *see id*. § 3585(b), to "ma[k]e clear that a defendant [can] not receive a double credit for his detention time."

*Dupree v. Warden, FCI Miami*, 606 F. App'x 559, 560 (11th Cir. 2015) (*quoting United States v. Wilson*, 503 U.S. 329, 337 (1992)); *see also Elwell v. Fisher*, 716 F.3d 477, 485 (8th Cir. 2013) ("[Petitioner's] arguments under *Willis* . . . cannot be reconciled with the statutory prohibition on double crediting."). Shipp, however, argues that the BOP continues to recognize the *Willis* exception through Program Statement 5880.28.

Even assuming the *Willis* exception survived the enactment of 18 U.S.C. § 3585(b), Shipp is not entitled to the prior custody credit he seeks. Respondent explains the application of the *Willis* and *Kayfez* exceptions:

> Essentially, courts created – and the Bureau of Prisons (BOP) adopted – *Willis* and *Kayfez* credits to allow an incarcerated person to enjoy the benefit of prior custody credit where that individual otherwise could not. Both *Willis* and *Kayfez* credits are only applied to sentences that run concurrently.
>
> *Willis* credits apply where an incarcerated individual is serving concurrent state and federal sentences and the state sentence will end before the federal sentence even before the application of any types of credits or good time conduct that could be applied to shorten the state sentence. This sentence [–] before any credits or offsets are applied [–] is called the Raw Effective Full Term (EFT).
>     . . . .
>
> *Kayfez* credits are similar to *Willis* credits but are more complex and are applicable even more rarely than *Willis* credits. Unlike *Willis* credits, *Kayfez* credits potentially apply where an individual's state sentence EFT is longer than his federal sentence EFT. For *Kayfez* credits to apply, the prior custody credits available to the prisoner must be greater than the difference in time between the longer state sentence

and the shorter federal sentence.  Then, the *Kayfez* credits would be the number of days required to make the state and federal sentences equal in length.

(Doc. 17, pp. 3-4; *see also* Jennings Decl. ¶¶16-17 and Attach. 13).

Program Statement 5880.28 summarizes the *Willis* and *Kayfez* credit criteria as follows.  Pursuant to *Willis*, the BOP will award an amount of qualified double credit if the following conditions are present: (1) the non-federal and the federal sentences are concurrent; and (2) the non-federal Raw EFT date is either the same as, or earlier than, the federal Raw EFT date.  *See* PS 5880.28 at 1-22 (copy at Doc. 17, Jennings Decl., Attach. 13, p. 2).  Pursuant to *Kayfez*, the BOP will award an amount of qualified double credit if the following conditions are present: (1) the non-federal and federal sentences are concurrent; (2) the Raw EFT date of the non-federal term is later than the Raw EFT date of the federal term; and (3) the non-federal Raw EFT date, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal Raw EFT date.  *See* PS 5880.28 at 1-22B through 1-22C; (copy at Doc. 17, Jennings Decl., Attach. 13, pp. 4-5).

Shipp is not eligible for *Willis* credits for the period June 5, 2007 - November 15, 2007, because even though his state and federal sentences are concurrent, the Raw EFT date of his state sentences is later than the Raw EFT date of his federal sentence.  The Raw EFT date of Shipp's state sentences is February 18, 2023, and

the Raw EFT date of his federal sentence is July 14, 2019.  (Doc. 17, Jennings Decl.

¶ 16 and Attachs. 8, 13).

Shipp is also not eligible for *Kayfez* credit.  Although he meets the first two

qualifying prongs (*i.e.*, his state and federal sentences are concurrent and the Raw

EFT date of his state sentences is greater than the Raw EFT date of his federal

sentence), he does not meet the third prong.  There is a 1,316-day difference between

the Raw EFT date of his state sentences (February 18, 2023), and the Raw EFT date

of his federal sentence (July 14, 2019).  The prior custody credit at issue is only 164

days (June 5, 2007, through November 15, 2007).  Even after the 164 days of state

presentence time is applied to the state Raw EFT date (or even after the more

favorable 194 days the BOP used in its *Willis*/*Kayfez* Calculation Worksheet is

applied),[4] Shipp's state Raw EFT date is not reduced to a date that is earlier than the

federal Raw EFT date.   (*See* Doc. 17, p. 5; Doc. 17, Jennings Decl., Attachs. 8, 13).

The adjusted Raw EFT date of his state sentences remains <u>later</u> than the Raw EFT

date of his federal sentence.

In his reply, Shipp acknowledges that the BOP calculated his eligibility for

*Willis* and *Kayfez* credits according to its policy, but argues the BOP should have

used the actual expiration date of his state parole term as his state EFT date, instead

---

[4] *See* Doc. 17, Jennings Decl., Attach. 8.

of "th[e] hypothetical 2023 expiration date", since the actual date was known.  (Doc. 20, pp. 1-2).  Shipp, however, provides no authority for requiring the BOP to create such an exception.  Shipp undeniably received credit against his state sentences for the days he now seeks federal credit.  Section 3585(a) unambiguously expresses Congress' intent that federal prisoners not receive double credit, and the BOP's interpretation of the statute (and use of the full "raw" term of the state sentence in calculating qualification for *Willis* and *Kayfez* credits) is reasonable.  *See Kayfez*, 993 F.2d at 1290 (concluding that the BOP's exclusive reliance on the full Raw EFT date of the state sentence, instead of the actual expiration date of the sentence, is reasonable).

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1), be DENIED.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 13th day of April, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.